IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jerry W. Wyatt,
        Plaintiff       :   Civil Action 2:07-cv-608

v.                                 :   Judge Sargus

Michael J. Astrue,              :   Magistrate Judge Abel
Commissioner of Social Security,
        Defendant    :

# ORDER

By an Order of June 23, 2008, the Court remanded this case to the Commissioner for the administrative law judge to consider whether plaintiff meets Listing 12.05(C) and seek additional information, if necessary, to determine plaintiff's level of intellectual functioning. This matter is now before the Court on plaintiff's unopposed July 17, 2008 motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 15.)

Under the EAJA, 28 U.S.C. §2412(d)(1)(A):

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

When an award is also made under 42 U.S.C. §406(b)(1), an EAJA award reimburses the plaintiff for the fees he paid his attorney under §406(b)(1). *Meyers v. Heckler*, 625 F.

Supp. 228, 231 (S.D. Ohio 1985). A prevailing plaintiff is entitled to recover attorney's fees from the government unless the government shows that its litigation position was substantially justified. *Sigmon Fuel Company v. Tennessee Valley Authority*, 754 F.2d 162, 166 (6th Cir. 1985).

The Commissioner bears the burden of demonstrating that her position was substantially justified, *E.W. Grobbel Sons, Inc. v. National Labor Relations Board*, 176 F.3d 875, 878 (6th Cir. 1999). Here the Commissioner does not contest plaintiff's assertion that his litigation position was not substantially justified.

Accordingly, the Court HOLDS that plaintiff's July 17, 2008 motion for fees under the EAJA (doc. 15) is meritorious; and, therefore, it is GRANTED. Plaintiff Jerry W. Wyatt is AWARDED attorney fees in the amount of One Thousand Eight Hundred Eighty-seven Dollars and Fifty Cents ($1,887.50).

                                                9-11-2008
                                   Edmund A. Sargus, Jr.
                                   United States District Judge